JOSHUA F. COLLINS, p. b. a., *vs.* WILLIAM T. BRITTINGHAM, d. b. r.

**1.   JUSTICES OF THE PEACE—JURISDICTION.**

A justice of the peace has jurisdiction of a suit under *Rev. Code* 1852, amended to 1893, *p.* 477, *c.* 56, § 1, imposing a fifty dollar penalty for the alteration or removal of any boundary tree or mark.

**2.   BOUNDARIES—"LANDMARK"—WHAT CONSTITUTES.**

A "landmark" within *Rev. Code* 1852, amended to 1893, *p.* 477, *c.* 56, § 1, imposing a penalty for removal, is a mark to designate the boundary of land, so that it may be known and preserved.

**3.   BOUNDARIES—LANDMARK—REMOVAL.**

In a suit for the penalty for removing a landmark, the only question for determination is whether defendant removed a landmark to plaintiff's injury, and the matter of boundary cannot be determined.

**4.   BOUNDARIES—REMOVAL OF LANDMARK.**

In a civil suit for the penalty for the removal of a landmark, plaintiff must establish his cause of action by the preponderance of the evidence in order to recover.

**5.   EVIDENCE—CONSIDERATION OF EVIDENCE.**

Where there is conflicting testimony, the jury should reconcile the testimony, if possible, and, if not able to do so, should accept that testimony appearing most worthy of belief after a consideration of the whole.

(*February* 10, 1914.)

Judges CONRAD and WOOLLEY sitting.

*Robert C. White* for appellant.

*John M. Richardson* for respondent.

Superior Court, Sussex County, February Term, 1914.

Action between Joshua F. Collins and William T. Brittingham. On appeal (No. 41, October Term, 1913) from a judgment of a justice of the peace to recover penalty for removing a landmark (a wooden post) in Georgetown Hundred, under the statute, *Revised Code* (1893) *Chapter* 56, *Section* 1, *page* 477.

Plaintiff claimed that the landmark or post indicating a corner of his land and defendant's land had rotted away, and having placed a new post in the exact location of the old, defendant moved the same about three feet from its original location over on plaintiff's land. Plaintiff offered in evidence title papers, surveys and plots to substantiate his contention that the place from which defendant moved the post was the proper boundary line or corner of said properties. The defendant admitted that he moved a post, but contended that it was not a landmark or boundary; that it was a fencepost that had been placed there by the plaintiff, who placed it where he saw fit and not where it should have been; and upon learning by actual survey that plaintiff had not placed the post on the boundary line, he took it up and placed the post and fence on the true boundary line.

CONRAD, J., charging the jury:

Gentlemen of the jury:—[1] The statute of this state under which this action was brought reads as follows: "No person shall cut, fell, alter or remove any boundary tree or other landmark * * * under penalty of forfeiting fifty dollars to the party wronged." *Chapter* 56, § 1, *p.* 477, *Revised Code* (1893).

Justices of the peace are given jurisdiction over penalties and forfeitures, so the original suit was properly brought before a justice of the peace, and an appeal taken to this court is the case which is now before you.

[2] A landmark is defined to be "a mark to designate the boundary of land; any mark or fixed object by which the limits of a farm, a town, or other portion of territory may be known and preserved."

[3] The sole question for your determination is whether the defendant removed a landmark to the wrong or injury of the plaintiff, the matter of boundary lines or title rights to land are

not on trial before you in this case, only in aiding you in determining whether the post was a landmark, and that it has been removed.

You want, first, to ascertain whether the post or object removed was a landmark, and that fact being established it is for you to determine whether William J. Brittingham, the defendant, removed the landmark.

Unless you are satisfied by the preponderance of the evidence that a landmark was removed and that it was removed by the defendant, you cannot render a verdict for the plaintiff.

[4] In civil cases, suits between individuals, the proof of the case is dependent upon the preponderance of the evidence, which means the greater weight of the evidence, so when you take this case to your room you are to weigh and consider the evidence as it has been adduced from the stand, and you are to give the verdict to that side which has produced the stronger evidence, the preponderating testimony.

[5] In cases where there is conflicting testimony, as in this case, you are to reconcile all the evidence if you can, and not being able to do that, then you are to weigh and consider all the testimony and you are to believe that testimony which you consider the most worthy of belief and reject that which, in your opinion, is less worthy of credit, taking into consideration the bias or interest that the witnesses may have in the outcome of the case, and also considering the intelligence of the witnesses and their opportunity to see and know the facts to which they testify.

If your verdict is for the plaintiff it must be for fifty dollars, the amount of the penalty fixed by the statute.

If you are not satisfied by the greater weight of the testimony that defendant removed the landmark as charged, then your verdict should be for the defendant.

The jury disagreed.