# Baker *v.* Bloom, Appellant.

*Ejectment—Issue of fact—Case for jury.*

In an action of ejectment to determine the boundary between two adjoining properties, a verdict for the plaintiff will be sustained, where the issue is one of fact as to the manner and extent of the encroachment and there is sufficient evidence to support the verdict.

*Ejectment—Trials—Verdict—Amendment.*

Under the provisions of the Act of March 14, 1872, P. L. 25, a verdict in an action of ejectment, which is defective or indefinite, may be amended by such description or amended description filed at any time "as in the judgment of the court shall make the pleadings and record conform to what was tried before the jury and found by the verdict."

Argued November 23, 1927. Appeal No. 143, October T., 1927, by defendant from judgment of C. P., Blair County, October T., 1925, No. 16, in the case of Llewellyn K. Baker and Mary Ellen Baker v. Agnes Bloom. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Ejectment for strip of land fronting forty-five hundredths of a foot on the northwestern side of Fifth Avenue, between Sixth and Seventh Streets in the City of Altoona, and lying between lots Nos. 131 and 132. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of plaintiff, for two inches of ground, fronting on Fifth Avenue and extending to the alley one hundred and twenty feet. Defendant appealed.

*Error assigned,* among others, was the refusal to grant a new trial.

*John J. Haberstroh,* for appellant.

*Robert A. Henderson,* and with him *Charles M. Kurtz,* for appellees.

OPINION BY TREXLER, J., March 2, 1928:

This was an action of ejectment for a strip of land situated in the City of Altoona, having a front of forty-five one-hundredths (45/100th) feet and a depth of one hundred and twenty (120) feet. The parties were adjoining owners. The block in which their respective properties were located contained six (6) "fifty foot lots" but there was an excess of land over and above the frontage asked in the deeds of somewhat less than a foot. The plaintiffs' and defendant's deeds each called for twenty-five feet and in measuring out the lots, the excess, or at least a portion of it, was located between the lands of the two parties to this action.

The defendant claimed she owned only twenty-five feet, but in the pleadings, she lays claim to the land in dispute by adverse possession for a period of twenty-one years and upwards. There was testimony to show that defendant's paper title does not include the land in dispute and there was evidence that a fence had been erected between the house on the land of the plaintiffs and the house on the land claimed by the defendant and this fence was eighteen inches from defendant's house. The fence had been moved away some years ago and the proof of its location was not very clear and the whole case was in some confusion by the fact that there was absence of any very definite testimony as to the line between the properties. It was testified that the porch erected by the defendant extended twenty inches from the defendant's house. In the erection of the porch defendant cut off a portion of plaintiffs' porch and erected a wall in the space and this wall plaintiffs claim extends over their land. With the discordant narratives of the different witnesses, it is no wonder that the jury seized upon the

fact urged by the plaintiffs that defendant's porch extended twenty inches from the defendant's house and that he only claimed eighteen inches by adverse possession and thus found for the plaintiffs for the two inches which was the difference between the extent of the encroachment by the wall and the amount of land which defendant claimed she owned. The verdict of the jury was to the effect that in erecting this wall, defendant went two inches too far over plaintiffs' land.

There were thirteen reasons urged for a reversal and these are all included in one assignment. The assignment is the refusal of the lower court to grant a new trial and our inquiry is limited to the one question whether there was an abuse of discretion by the lower court. Mix v. North American Co., 209 Pa. 636; Weitz v. Banfield, 226 Pa. 241; Mellinger v. P. R. R. Co., 229 Pa. 122; Shade v. Llewellyn, 250 Pa. 456.

We need not consider all the reasons assigned. Some of the points urged are as to the allowance of certain testimony. The testimony is not quoted and it does not appear that any exception was taken. There is also reference made to after-discovered evidence, but this is not supported by any disposition showing what the testimony was. All the items of this nature can be dismissed without comment. There is an allegation that there is no evidence in the case to substantiate the verdict. We have already stated that there was sufficient to warrant the jury in finding the verdict in favor of the plaintiffs for the two inches of ground.

The defendant argues that the verdict is not sufficient to define the encroachment. We think it is. The encroachment was by the erection of a wall. The wall is in place. To comply with the verdict the defendant must start at the furthermost point of his visible encroachment and recede two inches. It does not mat-

ter whether this point be on the ground or in the bulge in the wall above the ground.

If this will not suffice, there is enough in the case to show what the jury intended by their verdict. The Act of March 14, 1872, provides, inter alia, that in an action of ejectment if the verdict be defective or indefinite, there may be such description or amended description filed at any time "as in the judgment of the court shall make the pleadings and record conform to what was tried before the jury and found by the verdict." If the lower court thinks proper, it may still allow such amendment.

There were a number of maps and drafts offered in evidence, which would have served a very useful purpose in the consideration of the case but the appellant did not include them in the printed record.

The assignment of error is overruled and the judgment is, affirmed.