Flynn *v.* Rodkey et al., Appellants.

Argued December 16, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Arthur C. Dale,* for appellants.

*Austin O. Furst,* with him *Furst and Furst,* for appellee.

OPINION BY GUNTHER, J., March 24, 1960:

This appeal arises out of an action in ejectment. There was a jury verdict for Doris Flynn, plaintiff-appellee. A motion for judgment non obstante veredicto and a motion for a new trial were filed by the defendants, and both were refused.

The plaintiff and defendants are the respective owners of two adjoining lots on Market Street in the Borough of Milesburg. Lot No. 50 is owned by Doris Flynn and lot No. 52 is owned by Isabelle and Robert L. Rodkey. The dispute arose over the location of the common boundary line and the action was instituted to ascertain the ownership of a strip along plaintiff's western boundary. The jury found that the land or strip 7 inches wide on Market Street and 30 inches wide on the alley and 150 feet in length belonged to the plaintiff.

Several reasons are advanced for a new trial and judgment n.o.v. The important question is whether the jury verdict for the strip of land described in the stipulation is void since it fails to show where its boundary lines are located with relation to the land belonging to the defendants. The lower court refused the following point for charge: "If the jury finds from all the evidence that the plaintiff failed to establish a definite point of departure from which the lines of the Doris Flynn lot could have been easily traced, the verdict of the jury should be for the defendants."

The court below in its opinion and counsel for appellee concede that the description in the complaint is too vague to support an action in ejectment but no preliminary objections, however, were filed to the complaint. Had they been filed they would have been sustained. Instead of the preliminary objections appellants filed an answer and also subsequently filed the following stipulation: "It is stipulated and agreed between Counsel for the plaintiff and Counsel for the

defendant that the correct description of the area in dispute is as follows: Beginning at an iron pin on the southern side of Market Street, said iron pin having been placed by F. E. Robinson; thence south 30 degrees east 150 feet to the northern side of an alley; thence south 60 degrees west 2½ feet to an iron pin placed by J. Thompson Henry; thence north 29 degrees 30 minutes west 150 feet to an iron pin on the southern side of a sidewalk on the south side of Market Street, said iron pin being placed by J. Thompson Henry; thence north 60 degrees east 7 inches to an iron pin, the place of beginning; and that the defendant is in possession thereof." Appellants specifically (p. 45a) agreed that no objection would be made to the admission of the stipulation above quoted.

The reason alleged by defendants for judgment n.o.v. is the failure to fix a point of origin.

As stated by the court below the subject of litigation is the area described in the stipulation by three iron pins located on the ground as monuments with given courses and descriptions. This seems an adequate description and location.

Defendants' argument has merit in pointing to the defective complaint but this defect was cured by the stipulation which set forth in detail the description of the area in dispute. There is no objection to the description in the record. We would be inclined to agree with defendants' contention without the stipulation in question. It was upon this stipulation that the case proceeded to trial.

In an action of ejectment to determine the boundary between two adjoining properties, a verdict for the plaintiff will be sustained, where the issue is one of fact as to the manner and extent of the encroachment and there is sufficient evidence to support the verdict. *Baker v. Bloom,* 92 Pa. Superior Ct. 547.

Defendants also argue that the area must be bound by parallel lines otherwise it is defective. We are at a loss to find any authority for this argument.

Engineers of both parties described the land over which plaintiff had ownership and defendants had possession. This, in the opinion of the court below, was sufficient and we find no error in this position. The land was bounded on one side by the engineer of the plaintiff and on the other side by the engineer for the defendants. The court below in its charge to the jury clearly called attention to the fact that the land in dispute was the very area described in the stipulation agreed to by both parties. The verdict of the jury reads as follows: "And now, to-wit, June 5, 1958, we the jurors impaneled in the above entitled case find in favor of the plaintiff for the land described in the stipulation of Counsel. James C. Huey, foreman."

The verdict of the jury stating that the land described in the stipulation was for the plaintiff can be very simply interpreted to mean that the line fixed by iron pins and the metes and bounds of J. Thompson Henry were accepted by the jury as the line between the properties of the parties.

It will be noted that the description used in stipulation hereinabove quoted is a description by metes and bounds with calls to iron pins identified by the two engineers who made the survey for the plaintiff and the defendants. Both J. Thompson Henry and F. E. Robinson identified in their testimony the iron pins stated in this stipulation. A description of land is adequate if it uses (1) metes and bounds, (2) reference to adjoining property, or (3) landmarks. *Bennick v. Sunbury Broadcasting Corp.*, 26 Northumberland Legal Journal 201 (1954).

Where the pleadings might have been amended in the lower court to correspond to the proofs, the re-

viewing court, after trial on the merits in which such evidence is offered without objection, will consider them as having been amended. Volume 3, Standard Pennsylvania Practice, page 675; Volume 1, Goodrich-Amram, pages 241-243.

Where formerly it was necessary to describe the premises for which an action was brought with great accuracy, far less certainty is required in modern practice.

Where the facts are not disputed, nor any exceptions taken to the statement of facts it is properly left to the jury to find whether the land sued for is within the plaintiff's grant.

If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue presented by the plaintiff, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law.

The testimony of the various engineers and of the witnesses fixes the area in dispute as described in the stipulation. The area defined in the stipulation was identified by plaintiff's engineer as lying within the tract claimed by the plaintiff. There is, therefore, sufficient evidence for the jury to support a verdict in favor of the plaintiff.

The Sheriff himself would be able to go on the ground and discover this boundary line between the parties to this litigation with a great degree of certainty. There is no uncertainty in the location of this line.

The testimony was conflicting in the case and it was for the jury to determine the facts.

A verdict for the land described has been held to be sufficiently specific although the declaration does not precisely ascertain the quantity of boundaries.

Whenever a verdict in ejectment is sufficiently certain to enable the court to give judgment, and the sheriff to deliver possession, it will be sustained. The verdict possessed all the element of certainty and should not be set aside.

Id certum est, quod certum reddi potest.

The court in its instruction said this: "We would ask that when you consider this question, it resolves itself down pretty much to this point. If you believe that the line is where Mr. Robinson, the engineer for defendants says it is, then you will find for the defendant. If you find that the line is where Mr. Thompson Henry, the engineer for the plaintiff says it is, then you would find for the plaintiff."

The action was brought to decide the title to the area in question and the jury decided for the plaintiff. We are of the opinion that the court below entered a proper decree.

Decree is affirmed.