## Snook v. Eckley

*Albert Houck*, for plaintiffs.
*John B. Schaner*, for defendants.

LEHMAN, P. J., July 16, 1969.—Defendants' preliminary objections to plaintiffs' complaint in ejectment consist of motions to strike off the complaint, for a more specific pleading and for judgment for defendants. The motions, in essence, are based upon three contentions: 1. Insufficient description of the property in question; 2. failure to serve the husband defendant; and 3. the claim for mesne profits is insufficiently pleaded.

The complaint alleges that plaintiffs are the owners in fee of three tracts of land in Yeagertown, Mifflin County, Pa., having thereon erected two dwelling houses known as 221 South Main Street and 221 South Main Street, Rear; that said tracts of land were

deeded to them on August 26, 1968, by the Russell National Bank, executor under the Last Will and Testament of Clarence M. Havice, deceased, and are recorded in Deed Book 179, page 708; that they reside at 221 South Main Street and that defendants are occupying the house in the rear of said premises, known as 221 South Main Street, rear, without right; that possession has been demanded but defendants have refused to deliver up possession of the same. In a separate count plaintiffs seek mesne profits for unlawful detention.

From the description of the three tracts of land, it would appear that plaintiffs claim title to and the right to possession of a slightly irregular rectangular parcel of land having about 125 feet frontage and about 211.5 feet deep. There is nothing in the deed description to indicate any fence, hedge or other means of separation of the dwelling house on the front of the property from the dwelling house in the rear of said property. There is nothing in the description of the land to indicate the size of either dwelling or its location on the property.

Pennsylvania Rule of Civil Procedure 1054(a) states: "(t)he plaintiff shall describe the land in his complaint." Counsel for defendants contends that plaintiffs have failed to comply with this rule: (1) that the only legal description of the land appearing as exhibit "A," attached to the complaint, is the description of the entire three tracts of land and that not all of said land is in dispute, and (2) that the words, "house in the rear of said premises, known as 221 South Main Street, Rear" do not describe sufficiently the land in dispute.

The description of land in ejectment may not include land as to which no dispute is alleged. Where only a portion of plaintiffs' land is in dispute, it is important that such portion be definitely fixed by the

party claiming title thereto: Seitz v. Pennsylvania Railroad Co., 272 Pa. 84, 88, 116 Atl. 57; Skillman v. Magill, 98 Pa. Superior Ct. 72, 76; Narzisi v. Allentown-Bethlehem Gas Co., 32 Northamp. 41, 43; 13 Standard Pa. Pract. §90, p. 486; 8 Anderson Pa. Civ. Pract. §2832.

In a somewhat analogous case, it was held that failure to describe a swimming pool area by boundaries, landmarks or other means, where it was on and adjacent to a portion of a lake, required a more specific complaint: Edgewood Amusement Co. v. Shamokin and Trevorton Bus Line Co., 35 Northumb. 135, 139.

"A description of land is adequate if it uses (1) metes and bounds, (2) reference to adjoining property, or (3) landmarks." If the court can give judgment and if the sheriff can deliver possession, the description is sufficient: Flynn v. Rodkey, 192 Pa. Superior Ct. 56, 60, 62, 159 A. 2d 265, 267, 268; Skillman v. Magill, supra; Goodrich-Amram §1054(a)-1.

Applying the foregoing test to the case at hand, we have no metes or bounds, no reference to adjoining property, and no landmarks. A house is not a landmark in the sense in which said word is used. Rather the word "landmark" means a monument or erection set up on the boundary line of two adjoining estates to fix said boundary: Collins v. Brittingham, 5 Boyce (Del.) 89, 90 Atl. 420; Words and Phrases, Perm. Ed., Vol. 24, p. 344; Black's Law Dict., 4th Ed., p. 1022. There is no mention in plaintiffs' complaint of land occupied by said house.

We are aware of the practical problems confronting plaintiffs. It would appear from the pleadings and argument that defendants were in possession of the rear dwelling when plaintiffs purchased the entire parcel. It is not easy and sometimes it is almost, if not impossible, to measure or survey an area of land occupied by persons who refuse to vacate and who may have a

claim to the right of possession. It is possible that the measurements of the rear house appear in the Tax Assessment Office. Whether defendants are occupying a curtilage in connection with the rear dwelling is a matter for plaintiffs to determine. If so, the land constituting the curtilage should be described. Since ejectment is concerned with title to land, the description of said land must be adequate. This defect can be cured by amendment of plaintiffs' complaint: Narzisi v. Allentown-Bethlehem Gas Co., supra.

The second reason assigned in defendants' preliminary objections is that husband defendant was not properly served with plaintiffs' complaint. Wife defendant was personally served by the sheriff with a true and attested copy of the complaint at defendants' residence and at the same time and place service was made upon her husband defendant by handing wife defendant, an adult member of the family and residing with her husband, a second true and attested copy.

Counsel for defendants admits that service of husband defendant was proper if Pa. R. C. P. 1009(b)(2) (i) can be utilized in ejectment. He contends that no substituted service on a person at defendants' residence is permitted by Pa. R. C. P. 1053.

Subsection (a) of the latter rule provides: "The writ, or the complaint if the action is commenced by complaint, shall be served by the sheriff upon the defendant and any person not named as a party who is found in possession of the land." Subsection (b) relates to service upon a defendant in another county or outside the State. Subsection (c) deals with proof of service.

Pennsylvania Rule of Civil Procedure 1053(d) states that "If the defendant cannot be served as provided by subdivisions (a) or (b) of this rule, a copy of the writ or complaint shall be posted on the

most public part of the property and the defendant served by publication in such manner as the court by general rule or special order shall direct."

Counsel for defendant relies upon Goodrich-Amram §1053(c)-1 which states "if *any defendant* is not personally served either in the county, in another county, or outside the Commonwealth, *the property must always be posted.* No service on any other defendant, or on the person in possession, will be treated as a service upon him, or as an excuse for not posting the property."

Counsel for defendants misinterprets the above quotation. Husband defendant was personally served. He was served by personal substituted service as provided for in Pa. R. C. P. 1009(b)(2)(i) which permits service of a writ or complaint by handing a copy at the residence of defendant to an adult member of the family with which he resides. Service upon the wife defendant personally by handing her a copy at her residence and upon husband defendant by handing a true and attested copy to wife defendant, an adult member of the family, at their residence was upheld in Atkins v. Flaherty, 189 Pa. Superior Ct. 550, 152 A. 2d 280.

Pennsylvania Rule of Civil Procedure 1051 provides: "Except as otherwise provided in this chapter, the procedure in the action of ejectment shall be in accordance with the rules relating to the action of assumpsit." Pennsylvania Rule of Civil Procedure 1009(b)(2)(i) relates to assumpsit and by virtue of Pa. R. C. P. 1051 applies also to ejectment. There is no rule or subsection in the ejectment rules that provides otherwise.

"By virtue of the conformity to assumpsit rule, service on the defendant means that the sheriff may make service within the county in any one of the vari-

ous methods prescribed by Rule 1009." 3 Anderson Pa. Civ. Pract. §1053.2. See also 2 Anderson Pa. Civ. Pract., §1009.5.

We hold the service on both defendants to have been proper.

Defendants' preliminary objections nos. 9 and 10 relate to plaintiffs' failure to specify a cause of action for mesne profits or for damages for injury to the land. Count II of plaintiffs' complaint alleges deprivation of the profits of the house improperly and unjustly occupied by defendants since plaintiffs acquired title and right of possession to same on August 26, 1968, to the extent of $45 per month. The measure of damage for the unlawful use and occupancy of land is the fair rental value of the land: 12 P. L. Encyc. page 568, §82; Pittsburgh Terminal Realization Corp v. Pittsburgh & W. Virginia Railway Co., 100 Pitts. L. J. 179. Plaintiffs may join by separate count a claim for mesne profits with a count in ejectment: Hanson v. Wintersteen, 32 D. & C. 2d 138; Goodrich-Amram §1055-1. See also, Richards v. Christman, 40 D. & C. 2d 196, 200. We deem there to be no merit in preliminary objections nos. 9 and 10.

## ORDER

And now, July 16, 1969, after argument, defendants' preliminary objections nos. 1, 2, 3, 5, 6 and 7, relating to insufficient description of the property in question, in the nature of a motion for a more specific complaint are sustained and leave is granted plaintiffs to file an amended complaint containing more specific averments in relation to the matters set forth in this opinion within a period of 20 days from the date hereof. Defendants' preliminary objections nos. 4, 8, 9 and 10 are overruled and defendants' motions to strike off the complaint and for judgment for the defendants are refused. Exceptions are noted to Albert

Houck, Esquire, counsel for plaintiffs, and to John B. Schaner, Esquire, counsel for defendants.