## Wiltz v. Pazzalia

C.P. of Lackawanna County, no. 00-CV-4583.

*David Faullk,* for plaintiffs.
*Robert Buttner,* for defendant.

MINORA, *J.,* October 22, 2004—

## INTRODUCTION

This matter comes before the court by way of preliminary objections filed by the defendant, Richard Pazzalia,

to the plaintiffs' complaint. This action arises out of a property line dispute between the parties whereby the plaintiffs instituted actions alleging trespass, ejectment and intentional infliction of emotional distress. The allegations alleged in the complaint are as follows:

## STATEMENT OF THE CASE

Plaintiffs allege that at all times they were the sole owners of real estate located at 1375 Winton Road, Jessup, Pennsylvania. Plaintiffs provided proof of title by attaching incomplete deeds to their complaint. In April of 2003, allegedly the defendant, an adjacent property owner, attempted to appropriate portions of the plaintiffs' property by improperly and mistakenly placing property line markers on the plaintiffs' property. At that time, the plaintiffs did inform the defendant that placement of said markers intruded upon their property rights. Prior to the defendant's physical entry upon the subject property, the defendant notified the plaintiffs of his intent to enter the lands by way of a letter dated April 25, 2003. The letter supposedly provided the plaintiffs notice that the defendant planned to enter upon subject lands 30 days from the date of the letter. Ten days later, on May 5, 2003, the defendant did enter upon the lands of the plaintiffs. The activities in which the defendant engaged upon the property included: driving an earth-moving machine onto plaintiffs' property; removing soil and moving portions of soil and/or boulders and placing them upon areas of land the plaintiffs used for parking and basketball; leaving holes on plaintiffs' property causing "potential problems with erosion" and "affecting ground water runoff"; leaving huge holes which will require a

retaining wall; knocking over a cherry tree; forcing plaintiffs to remove a fence upon their property; blocking an access road circling the property; leaving boulders on plaintiffs' property causing the cement to sink; hitting plaintiffs' truck which was parked on plaintiffs' property and causing $500 in damages.

The plaintiffs commenced this action by filing a complaint on November 17, 2003. The plaintiffs' complaint states a claim in trespass whereby the defendant had actual knowledge that he was committing a trespass upon the plaintiffs' property, he persisted in entering and engaging in activities upon the plaintiffs' lands and through his alleged intentional, unlawful, reckless, negligent, careless, trespassing conduct he caused damages to the plaintiffs and their property.

The complaint further alleges an action in ejectment asserting the plaintiffs are the sole property owners of said real property located at 1375 Winton Road, Jessup, PA, and that they acquired title by deed. Plaintiffs attached incomplete copies of said deeds to the complaint as exhibits "A" and "B." These merely referred to the location of the land rather than providing a specific description thereof. Additionally, the plaintiffs' and defendant's properties are adjacent whereby they share a common boundary line. Moreover, the complaint avers that the defendant has maintained exercise and continued to exercise exclusive possession and control over portions of the plaintiffs' property along and adjacent to the common property line as well as a continuing trespass. The complaint alleges that the defendant's activities have deprived the plaintiffs from the use and enjoyment of their property as well as further damages.

The complaint asserts a cause of action for intentional infliction of emotional distress whereby the plaintiffs contend that the defendant's entry upon the plaintiffs' lands within 10 days of the letter that was sent provided them no advance notice. Plaintiffs further allege that when they confronted the defendant about his entry, he acted in a rude and malicious manner which included threatening to tear down a fence, making rude statements, striking the plaintiffs' truck and tearing down a cherry tree, knowing that such behavior would cause a great upset. The complaint further states that the plaintiffs at all times during the course of the defendant's conduct told him that he was not in possession of the land and to cease his course of conduct which the defendant allegedly refused to do.

On December 11, 2003, the defendant, Richard Pazzalia, filed preliminary objections to the plaintiffs' complaint which will be discussed in further detail below as well as a brief in support of the preliminary objections. On December 30, 2003, the plaintiffs replied to the defendant's preliminary objections by filing a response and a supportive brief.

The undersigned heard oral argument on June 28, 2004, thus rendering the matter ripe for disposition.

Each issue and preliminary objection will be addressed below.

## ISSUES

(1) Should Count I of the plaintiffs' complaint be dismissed pursuant to Pa.R.C.P. 1028(a)(4) since it alleg-

edly fails to state a claim upon which relief may be granted?

(2) Should Count II of the plaintiffs' complaint be dismissed pursuant to Pa.R.C.P. 1028(a)(4) since it allegedly fails to state a claim upon which relief can be granted and it is in contravention with Pa.R.C.P. 1054(a) and (b)?

(3) Should Count III of the plaintiffs' complaint be dismissed pursuant to Pa.R.C.P. 1028(a)(4) since it allegedly fails to state a claim upon which relief can be granted?

(4) Should Count II of the plaintiffs' complaint be stricken pursuant to 1020(b) as it allegedly fails to conform to the law?

(5) Should paragraphs 11, 15(a)-(g), 19, 20, 24, 36 and 47, and any other paragraph that seeks recovery for monetary damages, be stricken pursuant to 1019(f) for failure to specifically aver a time, place and items of special damage?

(6) Should Counts I through III of the plaintiffs' complaint be stricken pursuant to Pa.R.C.P. 1019(a) because all counts purportedly fail to conform to the law and all averments allegedly are devoid of material fact, speculative and mere conclusions of law?

(7) Should Counts I and III of the plaintiffs' complaint be stricken for failure to conform to the law since they allegedly do not arise from the defendant's possession of the land and are in violation of Pa.R.C.P. 1055?

(8) Should the plaintiffs' complaint be dismissed pursuant to Pa.R.C.P. 1028(a)(4) since it allegedly fails to state a claim upon which relief can be granted?

## DISCUSSION

### *Legal Standard for a Demurrer*

A number of the defendant's objections are in the nature of a demurrer as to the claims in Count I, II and III of the complaint, individually, and the claims in Counts I though III inclusive of the complaint. Before a determination can be made whether the preliminary objections in the form of demurrers will be sustained, a brief overview of the legal standard for a demurrer pursuant to Pa.R.C.P. 1028(a)(2) is necessary.

As previously noted by the Superior Court of Pennsylvania, all material facts pleaded in the complaint, as well as all inferences reasonably deducible from those facts, are deemed admitted. *Wilkinson v. The Housing Authority of the County of Cumberland,* 854 A.2d 533 (Pa. Super. 2004); *Theodore v. Delaware Valley School District,* 575 Pa. 321, 333, 836 A.2d 76, 83 (2003). The demurrer may be granted only where, on application of this standard, it is apparent that plaintiff is not entitled to relief as a matter of law. *Id.* at 536. If doubt should arise as to whether the demurrer is proper, the demurrer should be overruled. *Id.* The question presented by a demurrer is whether, on the facts averred, the law states with certainty that no recovery is possible. *Sclabassi v. Nationwide Mutual Fire Insurance Co.,* 789 A.2d 699 (Pa. Super. 2001). Furthermore, it must be determined if the complaint sufficiently states a claim for relief under any theory of law. *Mistick Inc. v. Northwestern National Casualty Co.,* 806 A.2d 39, 42 (Pa. Super. 2002), citing *Ham v. Sulek,* 422 Pa. Super. 615, 623, 620 A.2d 5, 8

(1993). The court is not to consider conclusions of law, opinions or argumentative allegations. *Sexton v. PNC Bank,* 792 A.2d 602 (Pa. Super. 2002). Rather, the court's review for preliminary objection purposes is limited to the contents of the complaint. *In re Adoption of S.P.T.,* 783 A.2d 779 (Pa. Super. 2001). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Hykes v. Hughes,* 835 A.2d 382, 383 (Pa. Super. 2003).

When a defendant avers that a complaint fails to state a cause of action upon which relief may be granted, he must provide the court with specific grounds as to why the complaint in fact fails to state a claim upon which relief may be granted. *Flynn Company v. Peerless Door & Glass Inc.,* 2002 WL 1018937, 2 (Pa.Com.Pl.); see also, *Stewart v. Pennsylvania Board of Probation and Parole,* 714 A.2d 502, 504 (Pa. Commw. 1998). "All preliminary objections . . . shall state specifically the grounds relied upon . . . ." Pa.R.C.P. 1028(b); see also, *Flynn, supra; DelConte v. Stefonick,* 268 Pa. Super. 572, 577 n.2, 408 A.2d 1151, 1153 n.2 (1979).

With this standard in place, we next will consider each issue as presented to this court by way of the defendant's preliminary objections.

In considering the defendant's request to dismiss Count I, the action in trespass, this objection must be overruled on two grounds. The defendant failed to establish the grounds he relied upon, on which his objection to Count I is based. It has been held that a respondent who neglects to brief issues raised in preliminary objections

waives the right to have those issues considered. *Flynn, supra,* citing *Stewart v. Pennsylvania Board of Probation and Parole,* 714 A.2d 502, 504 (Pa. Commw. 1998). Furthermore, Count I of the plaintiffs' complaint does in fact set forth facts which, if proven, would justify relief to the complaining party in trespass whereby the defendant entered upon the lands of the plaintiffs by several means with the intent to enter and engage in activities thereon. The means of trespass include driving earth moving machinery upon the subject lands, removing soil and leaving holes on the land, placing boulders upon said land and interfering with several objects upon the subject parcel. Since there is ample evidence within the complaint upon which a jury might find that the plaintiffs are entitled to relief as a matter of law for trespass, this court must decline the defendant's demurrer to Count I.

The defendant's next preliminary objection in the nature of a demurrer requests that this court dismiss Count II, the action in ejectment, for it is in contravention with Pa.R.C.P. 1054(a) and (b) and fails to state a claim upon which relief can be granted. In an action in ejectment the complaint must allege adequate facts to establish a "good cause of action." *Wolfe v. Porter,* 405 Pa. Super. 385, 387, 592 A.2d 716, 717 (1991). In Count II of the complaint, the defendant is alleged to have breached the common boundary line between the adjacent properties. In the defendant's demurrer to Count II, counsel contends that the plaintiffs' complaint fails to describe with any specificity what portion of their property has been breached and over which the defendant exercises possession. The complaint contains incomplete deeds, attached as exhibits, as a reference of the location of the

breached portion of land. No specific description of the breached portion of lands is provided.

What must be determined is whether the description provided by the plaintiffs is sufficient as a legal description in an action in ejectment. Pursuant to Pa.R.C.P. 1054(a), "the plaintiff shall describe the land in his complaint." See also, *Snook v. Eckley,* 47 D.&C.2d 233 (1969). In *Snook v Eckley,* the plaintiff included in his complaint a legal description of three tracts of land, not all of which were in dispute and the words "house in the rear of said premises known as 221 South Main Street." There the court determined that such a description was insufficient to describe the land in dispute. "The description of land in ejectment may not include land as to which no dispute is alleged. Where only a portion of plaintiffs' land is in dispute, it is important that such portion be definitely fixed by the party claiming title." *Id.* at 234-35. See also, *Seitz v. Pennsylvania Railroad Co.,* 272 Pa. 84, 88, 116 A. 57, 59 (1922); *Skillman v. Magill,* 98 Pa. Super. 72, 76 (1929); *Narzisi v. Allentown-Bethlehem Gas Co.,* 32 Northamp. 41, 43; 13 Standard Pa. Pract. §90, p. 486; 8 Anderson Pa.Civ. Pract. §2832. An adequate description for such cause of action includes metes and bounds, references to the adjoining parcel or landmarks. *Id.* at 235; see also, *Flynn v. Rodkey,* 192 Pa. Super. 56, 60, 159 A.2d 265, 267-68 (1960); *Skillman v. Magill, supra;* Goodrich-Amram §1054(a)-1. Furthermore, it has been determined that a "landmark" is a monument or structure set upon the boundary line between two adjoining parcels to fix a boundary. *Id.*

Considering the above-stated criteria, the complaint in the case before the court has not met the necessary

requirements of Pa.R.C.P. 1054(a). The plaintiffs merely attached incomplete copies of the deeds to the complaint which failed to mention the portion of land described which had been breached by the defendant. As noted above, a legal description in an action in ejectment may not include lands that are not in dispute. The plaintiffs clearly overlooked this restriction when counsel attached the legal description from two separate deeds to the complaint which described four entire parcels, none of which specifically describe the breached portion of plaintiffs' lands.

The specific averments of Pa.R.C.P. 1054(b) require that a party "set forth in the complaint or response an abstract of title upon which that party relies at least from the common source of the adverse titles of the parties." It is mandatory that the plaintiffs comply with Pa.R.C.P. 1054(b). *Visconti v. Garcia,* 3 D.&C.3d 367 (1977). The pleading party must set forth an abstract of title or allege a common source of title. Failure to comply with the above rule is a clear violation which will render the complaint ineffective. *Id.* at 369; *Stewart v. Young,* 5 Lyc. 101 (1965); *Reinbold v. Fake,* 11 Lebanon L. J. 177 (1966); *Petchulis v. Cass Contracting Co.,* 63 Schuyl. 8 (1967); *Mullen v. Cooley,* 36 Fayette 74 (1974). In the instant action, the plaintiff failed to provide an abstract of title in the complaint. The only items provided in the complaint that even resemble an abstract of title are the incomplete copies of plaintiffs' deeds to their parcels, which only provide where the plaintiffs, as grantees, obtained their interest. As a result of this deficiency, it can be readily determined that the plaintiffs failed to comply with Pa.R.C.P. 1054(b) and therefore failed to

state a claim upon which relief can be granted. Given the above analysis, the defendant's preliminary objection in the nature of a demurrer to Count II will be sustained and Count II must be amended by attaching proper completed deeds and an abstract of common title to the disputed portions of the common boundary. This must be done within 30 days of the date of this order or Count II will be dismissed.

The defendant's fourth preliminary objection is also in the nature of a demurrer as to Count III of the complaint, whereby the plaintiffs alleged a cause of action for "intentional infliction of emotional distress." Pennsylvania has adopted the position of section 46 of the Restatement (Second) of Torts in reviewing claims of intentional infliction of emotional distress. Section 46, outrageous conduct causing severe emotional distress subsection one provides "[o]ne who by extreme and outrageous conduct intentionally or *recklessly* causes severe emotional distress to another is subject to liability for such emotional distress, and, if bodily harm to the other results from it, for such bodily harm." Section 46 Restatement (Second) of Torts. For a plaintiff to prevail he must show that the defendant's actions were intentional, outrageous and that medically documented physical symptoms were produced on account of the emotional distress. *Richette v. Philadelphia Magazine,* 1996 WL 756953 (Pa.Com.Pl); *Armstrong v. Paoli Memorial Hospital,* 430 Pa. Super. 36, 43, 633 A.2d 605, 608 (1993). Additionally, "[t]he paucity of cases which have found a sufficient basis for an IIED claim have presented the most extreme instances of exceedingly egregious conduct." *Judge v. Donegal Mutual In-*

*surance Co.,* (Pa. Commw. Dec. 5, 2003), available at http://www.lackawannabar.com.htm. In the instant action, the plaintiffs present insufficient evidence to establish any "outrageous" conduct on the part of the defendant. At best, they have indicated that the defendant's activities rise to the level of intentional, annoying or obnoxious, but not outrageous. Further, there is a total absence of severe emotional distress; no physical symptoms evidenced by medical documentation have been produced.

Pursuant to section 46 subsection (2) of the Restatement (Second) of Torts, outrageous conduct causing severe emotional distress is present: "[w]here such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress (a) to a family member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or (b) to any other person who is present at the time, if such distress results in bodily harm."

The activities that the defendant engaged in involved the physical invasion and appropriation of property. The defendant did not direct his conduct at a third person or any person for that matter, only real and personal property of the plaintiffs. The appropriation of land or personalty of another does not involve conduct directed toward a third person, nor does it rise to the level of outrageous conduct that is required for relief under Restatement (Second) of Torts §46. Therefore the facts before the court present no basis for relief in favor of the plaintiffs. The defendant's demurrer to Count III will be

sustained and the action for intentional infliction of emotional distress will be dismissed from the complaint.

The defendant's preliminary objection in the form of a demurrer as to the entire complaint must be overruled since the allegations in Count I provide sufficient evidence which may warrant relief as a matter of law in trespass. The defendant has presented several motions to strike as alternative objections to the plaintiffs' complaint. The motions to strike as to Counts II and III are now moot since this court has sustained the preliminary objections in the nature of demurrer for said counts. As to Count I, a brief discussion is provided below as to the remaining motions to strike.

### *Legal Standard for Motion to Strike*

Pursuant to Pa.R.C.P. 1028(a)(3) a party may file a preliminary objection for "insufficient specificity in a pleading." Additionally, Pa.R.C.P. 1019(a) provides that all material facts on which a cause of action or defense are based shall be sustained in a concise and summary form. *Yacoub v. Lehigh Valley Medical Associates,* 805 A.2d 579 (Pa. Super. 2002). To determine if a paragraph contains the appropriate specificity, the court looks to both the paragraph at issue and the paragraph at issue in the context of the complaint. *Id* at 588. Yet, it is not necessary that the pleader present evidence which can be developed through discovery. *Local No. 163, International Union v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965). See also, *Com. of PA v. Schlitter,* 104 Lacka. Jur. 112, 115-16 (2003).

In the case at bar, the paragraphs of Count I of the complaint alleging monetary damages do meet the re-

quirements of Pa.R.C.P. 1019(a) as set forth above. Additionally, Count I in its entirety also meets the criterion stating material facts of the cause of action in a concise and summary form. Therefore, the defendant's motions to strike pursuant to Pa.R.C.P. 1019(a) must be overruled.

The defendant also filed a motion to strike all counts based upon Pa.R.C.P. 1055, which provides that a "plaintiff may state in the complaint any cause of action for rents, profits or any other damages which arise from the defendant's possession of the land." Pa.R.C.P. 1055. The defendant contends that he is not in possession of the land and therefore the complaint must be stricken. Yet, Count I of the complaint does allege sufficient facts to provide relief in trespass. Furthermore, the language of Pa.R.C.P. 1055 has been interpreted to include injury and damages to land caused by another's trespass. *Sheehan v. Baldino,* 5 D.&C.2d 745 (Delaware Cty. 1956). Therefore the motion to strike the remaining count, Count I, is overruled. An appropriate order follows.

## ORDER

And now, to wit, October 22, 2004, upon consideration of defendant's preliminary objections and the verbal and written arguments of counsel, and in accordance with the preceding memorandum, it is hereby ordered and decreed that the defendant's preliminary objections be granted in part and denied in part.

(1) The defendant's preliminary objection concerning Counts II for failure to state a claim upon which relief can be granted is sustained and Count II must be amended by attaching proper completed deeds and an abstract of

common title to the portion of the common boundary. This must be done within 30 days of this order or Count II will be dismissed.

(2) The defendant's preliminary objection concerning Count III for failure to state a claim upon which relief can be granted is granted.

(3) The defendant's preliminary objections concerning Count I and the complaint as a whole for failure to state a claim upon which relief may be granted are denied.

(4) The defendant's preliminary objection concerning recovery in the form of monetary damages is denied.