**Thebes v. Hazen**

*Robert L. O'Brien,* for plaintiff Frederick Thebes.
*John M. Kerr,* for defendant Hazen.
*Raymond J. Santarelli,* for defendant DouglasThebes.

KISTLER, *J.,* February 24, 2009—Presently before this court are preliminary objections filed by Douglas A.

Thebes (defendant). Defendant raises preliminary objections to Frederick D. Thebes' (plaintiff) claim for ejectment and fair rental value, lost profits and other damages to the premises for the time the defendants have been in possession of the property. After having reviewed the briefs submitted concerning these preliminary objections, the defendant's objections are hereby granted in part and denied in part, for the following reasons.

## DISCUSSION

The determination of preliminary objections is governed pursuant to Pa.R.C.P. 1028. This rule provides that preliminary objections may be filed by any party to any pleading for: failure of a pleading to conform to a rule of court, insufficient specificity in a pleading, and legal insufficiency of a pleading. These rules are made applicable to an action in ejectment by Pa.R.C.P. 1051.

### I. *Failure To Conform to Rule of Court—Pa.R.C.P. 1028(a)(2)—Pa.R.C.P. 1054*

Pa.R.C.P. 1028(a)(2) provides for the assertion of a preliminary objection where a pleading fails to conform to law or rule of court. Defendant's first preliminary objection alleges that plaintiff has failed to provide in the complaint the specific averments of an action in ejectment required by Pa.R.C.P. 1054 which states:

"(a) The plaintiff shall describe the land in the complaint.

"(b) A party shall set forth in the complaint or answer an abstract of the title upon which the party relies at least

from the common source of the adverse titles of the parties."

Defendant contends that the plaintiff has failed to provide an adequate description of the property at issue. Defendant argues that a general description of the land is insufficient and that the complaint must provide a specific identifiable description of the alleged breached portion of the land in metes and bounds. In support of this argument, defendant relies on *Snook v. Eckley,* 47 D.&C.2d 233 (1969) from Perry County in which the esteemed court found that the complaint's description of the property was insufficient where the complaint provided a general description of the entire three tracts of land, to which the action in ejectment pertained to only a portion of said lands. The *Snook* court applied the test used in *Flynn v. Rodkey,* 192 Pa. Super. 56, 60, 159 A.2d 265, 267 (1960) which states, "In an ejectment action to determine the boundary between adjoining properties, a description of land is adequate if it uses (1) metes and bounds, (2) reference to adjoining property, or (3) landmarks."

Interestingly, a careful reading of exhibit A to the complaint reveals that the description of the land provides references to adjoining properties and landmarks. *"Tract 1*—Bounded on the north by lands now or formerly of Joshua Stone and William G. Zelger & Sons, on the east by land now or formerly of Allen Groff . . . ." *"Tract 2*—Bounded on the north by Public Road leading from New Bloomfield to Cold Storage . . . ." *"Tract 3*—A small tract of land containing five acres, more or less, at the southwest corner of the Kopenhaver property . . . ." *"Tract 4*—Beginning at a point in the center of LR 50005 at

corner of lands now or formerly Ernest L. Kretzing; thence along other lands now or formerly of Kretzing in a Southerly direction, a distance of 850 feet, more or less to a stone; . . . ." These are legal descriptions from the most recent deed. Therefore, even if this court was to apply the requirements illustrated in *Snook* and *Flynn* to the immediate case, the court is satisfied that plaintiff has provided an adequate description of the property at issue. To require more would compel plaintiff to survey his property, which is not supported by existing case law.

However, the court does not find that the requirements illustrated in the aforementioned cases need to be applied to the present action. In those cases, the action was for ejectment to determine a boundary line between adjacent landowners. In the present case there is no boundary dispute as plaintiff alleges that he is the rightful owner of all the property at issue. Still, the question remains as to what description is necessary to fulfill the requirements of Pa.R.C.P. 1054(a). In *Hawn v. Norris and Brown,* 4 Binn 77 (1811) our Supreme Court discussed the act of assembly of 1806, which abolished the old requirements for an action in ejectment. The old action in ejectment required the writ of ejectment to state courses and distances in the description of the land. Although not speaking directly to the modern action in ejectment, the Supreme Court's decision is nonetheless instructive on the issue before this court. "What is a description under the act? If the legislature had meant a draft, they would have said so. The word is vague, but it would seem to mean not a draft, but some convenient notice of the claim, which might inform the defendant what was to be tried."

In view of this guidance, this court determines that the plaintiff did not need to describe the property at issue using metes and bounds. Reference to adjoining properties or landmarks where there is no dispute as to the boundaries of the property is adequate. Although the plaintiff provided such a description in the deed attached to the complaint, this court would find that the general description contained on the face of the complaint was a sufficient description of the property.

The remaining issue in regards to Pa.R.C.P. 1054 is whether plaintiff has set forth in the complaint an abstract of title. Plaintiff maintains that the following statement contained in the complaint satisfies the requirement for setting forth an abstract of title:

"Defendants Tara Dawn Hazen and Douglas A. Thebes have no ownership interest or any other legal right to the aforesaid real estate. The abstract of title required by Rule 1054 is that the plaintiff has had, since June 2003, the sole and exclusive right of possession of the real estate and there is no common source of adverse title in the defendants."

The court determines that plaintiff's statement fails to satisfy the requirement that a party set forth in the complaint an abstract of title. "An abstract of title is simply a compilation in an abridged form of [a] record of [a] vendor's title; it is a summary of the most important parts of the deeds and other instruments comprising the evidences of title, arranged in [a] chronological order, and intended to show the original source and incidents of title." *Busin v. Whiting,* 369 Pa. Super. 563, 566, 535 A.2d 1078, 1080 (1987) (citing 77 Am.Jur.2d Vendor and Purchaser §259) *(reversed on other grounds).* The court

determines that paragraph four of the complaint is insufficient to act as an abstract of title as it does no more than set a date to when the plaintiff allegedly gained exclusive right of possession.

From this court's own experience, the abstract of title in an ejectment action will list: from whom the grantee obtained title, when was title passed, description of the parcel passing, how title was passed, whether the transfer was recorded and the recording information. Moreover, the abstract of title usually includes a relevant chain of title dating back far enough to show that the party filing the action has good title.

The court finds that the plaintiff has described the property, but has failed to set forth an abstract of title, and is therefore in violation of Rule 1054(b). Defendant's preliminary objection to the description of the land is hereby overruled. Defendant's preliminary objection to the abstract of title is hereby sustained. Furthermore, the court overrules defendant's preliminary objection for failure to attach the "notice to remove" to the pleading. The court makes this determination based upon Pa.R.C.P. 1019(i) requirement that any claim *based* upon a writing must be attached to the pleading. Plaintiff's action in ejectment is not based upon the "notice to remove" and therefore the court does not find plaintiff in violation of this rule.

II. *Failure To Conform to Rule of Court—Pa.R.C.P. 1028(a)(3)—Lack of Specificity*

Defendant argues that plaintiff's complaint lacks specificity necessary for defendant to adequately defend

himself because the complaint makes generic references to defendants rather than the named defendant and further fails to allege what specific actions or omissions caused plaintiff's supposed harm. The question presented by preliminary objection under Pa.R.C.P. 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense or [if it] informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon which grounds to make his defense." *McNeil v. Jordan,* 814 A.2d 234, 237-38 (Pa. Super. 2002). The trial court has broad discretion in determining amount of detail which must be averred, however, as a minimum, pleader must set forth facts upon which cause of action is based. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677, 681 (1978).

The complaint states in clear terms that the defendants live together on a piece of property that plaintiff alleges is rightfully his. The court finds that plaintiff has submitted sufficient detail in the pleading such that defendant will be able to craft a proper answer and formulate his defense. Additionally the court does not believe that the pluralization of "defendant" in any way hampers defendant's ability to adequately defend. Defendant's preliminary objection is hereby overruled.

### III. *Failure To Separate Causes of Action Into Separate Counts*

Upon review of the complaint, the court is in agreement with the defendant that plaintiff has failed to conform to Pa.R.C.P. 1020(a). This rule requires that each

cause of action and any special damages claimed in the complaint "shall be stated in a separate count naming the parties to the cause of action set forth." Although Pa.R.C.P. 1055 permits a plaintiff in an ejectment action to state additional causes of action in the complaint which arise from defendant's possession of the land at issue, Pa.R.C.P. 1020(a) is still applicable to an action in ejectment through Pa.R.C.P. 1051. As the complaint fails to allege separate counts for lost profits and all other damages occasioned by the defendant's possession of the premises, the court hereby sustains defendant's objection.

### IV. *Failure To Conform to Rule of Court—Pa.R.C.P. 1019(a)—Lack of Material Facts*

Defendant argues that plaintiff has failed to plead sufficient material facts to establish requisite elements for ejectment and recovery of past rents and lost profits and all other past due amounts. "Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." *Lerner v. Lerner,* 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing *Alpha Tau Omega Fraternity v. University of Pennsylvania,* 318 Pa. Super. 293, 298, 464 A.2d 1349, 1352 (1983). "Allegations will withstand challenge under Rule 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Id.* at 1236 (citing *Baker v. Rangos,* 229

Pa. Super. 333, 350, 324 A.2d 498, 505-506 (1974)). As a foundation for this argument, defendant relies on Pa.R.C.P. 1019(a) which states, "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

Applying the above standards to the plaintiff's action in ejectment, this court finds that plaintiff has pled sufficient material facts to establish the requisite elements for ejectment provided a proper abstract of title was contained in the complaint. "In ejectment the cause of action is the possession of land by one to the exclusion of another entitled to the possession of it." *Rutherford Water Co. v. City of Harrisburg*, 297 Pa. 33, 37, 146 A. 113, 114 (1929). The court finds that the facts pled in paragraph two through four and the final sentence in paragraph five of the complaint satisfy the elements of ejectment. Defendant's objection is hereby overruled.

Finally the court determines that the plaintiff has failed in part to allege sufficient material facts to establish some of the damages alleged in the complaint. The court does however agree with the defendant's interpretation of the explanatory comment to Pa.R.C.P. 1055 and therefore finds that defendant has alleged sufficient facts necessary for defendant to respond to the claim of damages for lost rents and profits. However, there are no facts relating to plaintiff's claim for "all other damages occasioned by the defendants' possession" such that the defendant would be able to prepare a defense. Defendant's preliminary objection as it relates to "all other damages" is hereby sustained.

## ORDER

And now, February 24, 2009, the following will be the order of this court:

(I) Defendant's first preliminary objection for failure to comply with Pa.R.C.P. 1054 is hereby sustained, in part, and overruled, in part. Defendant's objection to the abstract of title is hereby sustained. Defendant's objection to the description of the property and "notice to remove" are hereby overruled.

(II) Defendant's second preliminary objection is hereby overruled.

(III) Defendant's third preliminary objection is hereby sustained.

(IV) Defendant's final preliminary objection for failure to comply with Pa.R.C.P. 1019(a) is hereby sustained, in part, and overruled, in part. Defendant's preliminary objection as it relates to "all other damages" is hereby sustained. Defendant's preliminary objections for failure to plead sufficient material facts for an action in ejectment and lost rents and profits is overruled.

Plaintiff shall file an amended complaint within 20 days of the date of this order.