408 A.2d 1151

**Vincent DelCONTE, Appellant,**

v.

**Michael STEFONICK.**

Superior Court of Pennsylvania.

Argued June 21, 1979.

Filed Aug. 31, 1979.

574

Robert J. Kerns, Lansdale, for appellant.

Brian McDevitt, Norristown, for appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.

HOFFMAN, Judge:

Appellant, Vincent DelConte, contends that the trial court erred in sustaining appellee's preliminary objections which alleged, *inter alia*, that the complaint did not conform to law because it failed to state a cause of action upon which relief could be granted. We agree and, accordingly, reverse the order of the trial court and remand for further proceedings.

On March 9, 1978, appellant filed a complaint in equity seeking a preliminary injunction, damages and other relief. *See* Pa.R.C.P. 1017(a). On March 20, 1978, appellee filed preliminary objections to the complaint. *See* Pa.R.C.P. 1017(b)(2), (4). The trial court granted the preliminary objections and dismissed the complaint. This appeal followed.

The complaint alleged that, in July, 1977, appellee proposed to appellant that they jointly purchase a restaurant, which would be known by appellant's name, DelConte. Subsequently, appellee alone bought the restaurant and registered appellant's name as a fictitious name for the establishment. Appellant, then employed as a bartender at another restaurant, quit his job to become manager of "DelConte's." Paragraph 8 of the complaint alleged that appellee induced appellant by "fraudulent misrepresentations" to leave his employment to become manager of the new restaurant, where he worked long hours for a salary much less than that to which he was entitled, worked two weeks without pay and paid money out of his own funds for improvements to the restaurant. Paragraph 9 alleged:

"9. [Appellee] made the following representations to [appellant] which were false and fraudulent and in bad faith:

"(a) That [appellant] and [appellee] would become partners in the bar-restaurant business.

"(b) That [appellant] and [appellee] would enter into a Partnership Agreement.

"(c) That if the business were sold, the profits would be split evenly between [appellant] and [appellee].

"(d) That plaintiff would be the manager of the aforesaid bar-restaurant business."

The complaint further alleged that appellee had since refused to make appellant a partner in the business and had appointed his daughter manager while demoting appellant to bartender. Appellant left "DelConte's" in January, 1978. The complaint asserted that appellee, by his misrepresentations, had been unjustly enriched. Appellant requested the

trial court to issue a preliminary injunction restraining appellee from using the name "DelConte's" in the restaurant business and to award him all profits appellee obtained through unauthorized use of the business name, compensatory and punitive damages, wages not received, attorney's fees and costs and any other relief the court deemed proper.

■ Apparently focusing on the language of paragraphs 8 and 9 referring to appellee's alleged false and fraudulent misrepresentations, the trial court concluded that the complaint sought to raise a cause of action in fraud and deceit. The court noted that the allegations of paragraph 9 all related to future actions and correctly determined that these allegations failed to make out a false representation of an existing fact, which is a necessary element of that action. *See Shane v. Hoffman*, 227 Pa.Super. 176, 324 A.2d 532 (1974). The court erred, however, in dismissing the complaint.

The Restatement of Contracts 2d, § 90 (Tent.Draft No. 2, April 30, 1965) provides:

■ "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

Our Supreme Court has adopted this provision. *Murphy and Slota v. Burke*, 454 Pa. 391, 311 A.2d 904 (1973); *accord, Di Sante v. Russ Financial Co.*, 251 Pa.Super. 184, 380 A.2d 439 (1977). The facts alleged in appellant's complaint satisfy this standard. Appellant alleged several promises which appellee could reasonably have expected to induce him to action of a definite and substantial character. The allegations clearly make out such action. As a matter of law, it cannot be concluded that injustice can be avoided by means other than enforcement of the promise. *See Fried v. Fisher,*

328 Pa. 497, 196 A. 39 (1938). Thus, the complaint stated a cause of action in promissory estoppel.[1]

 Appellee argues that this court should not consider whether the complaint states a cause of action in promissory estoppel because appellant did not raise that claim before the trial court. *See Di Sante v. Russ Financial Co., supra.* Under the Rules of Civil Procedure, a plaintiff is not obliged to state the legal theory or theories underlying his complaint. Pa.R.C.P. 1019(a) requires only allegations of the "material facts on which a cause of action . . . is based." Assertions of legal rights and obligations in a complaint may be construed as conclusions of law, which have no place in a pleading and need not be denied in preliminary objections. Goodrich-Amram 2d, Standard Pennsylvania Practice § 1019(a):12 (collecting cases). This system of fact pleading may sometimes cause both the court and the defendant uncertainty as to the legal grounds of the complaint. Here, for example, the trial court discerned only one possible cause of action, that of fraud and deceit. The complaint, however, stated at least one other cause of action. The obligation to discover the cause or causes of actions is on the court: the plaintiff need not identify them. *See Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 375 A.2d 1285 (1977).[2] Therefore, appellant has preserved his

---

**1.** Appellee argues that the complaint fails to aver grave injustice because it requests only money damages and not an accounting of alleged partnership profits. Appellant's complaint, however, broadly requested the court to grant any relief it deemed proper. Moreover, appellant's specifically requested relief is not inconsistent with his claim of promissory estoppel. Should appellant prevail on the merits, the trier of fact may conclude that the most satisfactory relief is that which appellant requested.

**2.** In performing this task, the trial court normally will be aided by the defendant's preliminary objections, which, when averring that the complaint fails to state a cause of action upon which relief can be granted, must specifically provide the reasons why the complaint does not state a cause of action. *See Brennan v. Smith*, 6 Pa. Cmwlth. 342, 299 A.2d 683 (1972). In view of our disposition, we need not consider whether, as appellant contends, the trial court should have ignored appellee's preliminary objections because they did not specify the reasons why the complaint was allegedly inade-

claim that the complaint states a cause of action other than fraud and deceit, even though he did not identify any such cause in his complaint.

Accordingly, we reverse the order of the trial court and remand for proceedings consistent with his opinion.

quate. We also do not determine whether the complaint states other causes of action beyond promissory estoppel.