488 A.2d 51

**Deborah PRETO, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY & Pennsylvania Assigned Claims Plan.**

Superior Court of Pennsylvania.

Argued May 2, 1984.

Filed Feb. 1, 1985.

James L. Womer, Philadelphia, for appellant.

Michael Cannon, Philadelphia, for appellees.

Before SPAETH, President Judge, and BROSKY and BECK, JJ.

BROSKY, Judge:

This appeal is from judgment on the pleadings in favor of appellee, Pennsylvania Assigned Claims Plan (PACP) and against appellant. It is argued that the PACP can, as a matter of law, be liable to a claimant under the plan. As to theory advanced by appellant for the basis of such liability, we disagree. The instant order granting judgment on the pleadings is, accordingly, affirmed.

\* \* \*

The relevant background is as follows. Appellant was injured in a motor vehicle accident and filed a claim with the PACP for No-Fault benefits. The claim was assigned by the PACP to Travelers Insurance Company. Travelers did not pay appellant's medical bills and lost wages and appel-

lant instituted suit against Travelers and the PACP. Judgment on the pleadings was granted in PACP's favor and this appeal followed.

According to the case law of this Commonwealth, conclusions of law need not be included in a complaint. The legal theories upon which the plaintiff bases his cause of action are not a necessary element of the complaint. *Del Conte v. Stefonick*, 268 Pa.Super. 572 at 577, 408 A.2d 1151 at 1153 (1979) (Hoffman, J.). Appellant's complaint did not include such theories of recovery but, quite permissibly, limited itself to the underlying facts. It remains for us to determine whether the trial court correctly concluded that there is no cause of action presented in the complaint. On the other hand, our consideration of trial court error as a function of theories of liability is limited to the one theory argued by appellant in his brief. Upon reflection we conclude that the PACP can never, contrary to appellant's assertion, be liable for its assignee's subsequent handling of the claim.[1]

\* \* \*

We read appellant's brief as proposing a particular cause of action against the PACP. This is based on PACP's alleged status as the initial insurer, which obligation to insure it assigns, in a contractual sense of the word, to the insurer. Under this theory, the PACP is still responsible for the proper performance of the assigned insurer's duties. We reject this argument.

The statute does not impose on the PACP the role of primary insurer. Rather, the PACP's role is to assign the claim, in the sense of choosing an appropriate insurer. This assignment, to repeat, is the duty of determining which insurer will responsibly handle the claim—and notify the claimant of that choice. It is not assigning its contractual duties of insuring the claimant, for it never had those duties.

1. Of course, an improper handling of the claim by the assignee could be evidence of an improper assignment.

It is this point that the trial court relied upon and we approve of its decision on that point.

The order granting judgment on the pleadings in favor of PACP and against appellant is affirmed.

SPAETH, President Judge, files concurring statement.

BECK, J., joined in both majority opinion by BROSKY, J., and concurring statement by SPAETH, President Judge.

SPAETH, President Judge, concurring:

I agree that the order of the trial court should be affirmed, but on reasoning different from the majority's.

Appellant argues that she may maintain an action against the Pennsylvania Assigned Claims Plan for no-fault benefits because Travelers Insurance Company, the insurance company to which the Plan assigned appellant's claim, has failed to pay the claim. This argument is without merit. The claim having been assigned to Travelers, Travelers— not the Plan—became responsible for payment. The No-fault Act so provides:

> (2) The assigned claims bureau shall promptly:
>> (A) assign each claim for no-fault benefits to an assignee who shall be a participating insurer; and
>> (B) notify the claimant of the identity and address of such assignee.
>
> Claims shall be assigned so as to minimize inconvenience to claimants. The assignee thereafter has rights and obligations as if he had issued a policy of basic loss insurance complying with this act applicable to the injury or, in a case involving the financial inability of a restoration obligor to perform its obligations, as if the assignee had written the applicable basic restoration insurance, undertaken the self-insurance, or lawfully obligated itself to pay basic loss benefits.
>
> 40 P.S. § 1009.108(b).

In its opinion the trial court states:

> The No-Fault Act does not give the Plan any discretion concerning claims after they have been assigned to an

insurance carrier. The Plan has no authority to determine liability for payments nor the amount thereof. These matters are determined solely by the insurance carrier involved.

In this case the Plan complied with the statute by assigning this case to Travelers Insurance Company and said insurance company has agreed to process the claim and the suit resulting therefrom. After the assignment of this case to the insurance carrier, there was no further action required by The Plan.

It is obvious that Plaintiff cannot recover both from Travelers Insurance Company and The Plan. If plaintiff has a claim he must look to Travelers alone for payment. Slip op. at 3.

I agree with this reasoning and should adopt it.

BECK, J. joins in both majority opinion by BROSKY, J., and concurring statement by SPAETH, President Judge.