**Larry W. WILKINSON, Appellant**

v.

**THE HOUSING AUTHORITY OF THE COUNTY OF CUMBERLAND, Christopher Gullota, Sue A. Wolf, Catherine Mowery, and Yvonne Heckler, Appellees.**

Superior Court of Pennsylvania.

Argued April 15, 2004.

Filed July 1, 2004.

John J. Barabski, Jr., York, for appellant.

Jill M. Lashay, Harrisburg, for Wolf, Heckler, Mowery and Gullota, appellees.

Christopher C. Houston, Carlisle, for The Housing Authority, appellee.

Before: BENDER, McCAFFERY and TAMILIA, JJ.

TAMILIA, J.

¶ 1 Larry W. Wilkinson appeals from the August 6, 2003 Order granting the defendants' preliminary objections in the nature of a demurrer and dismissing his amended complaint wherein he alleged negligent infliction of emotional distress caused by housing discrimination on the part of appellees. Appellant also avers appellees' conduct resulted in: (1) breach of covenant of quiet enjoyment; (2) breach of warranty of habitability; and (3) violation of the Americans with Disabilities Act, Fair Housing Amendment Act, PA Human Relations Act, and various HUD Regulations.[1] The facts underlying appellant's complaint follow.

¶ 2 Appellant, who is permanently disabled by Bi–Polar I Disorder[2], leased from appellee Housing Authority of the County of Cumberland (Housing Authority), a federally subsidized apartment at a facility for elderly and disabled people.

---

1. While jurisdiction arguably lies in Commonwealth Court, no party has objected, and this Court has exercised its discretion and assumed jurisdiction and resolved the matter on the merits. *See* Pa.R.A.P. 741, Waiver of Objections to Jurisdiction; *see also Lara, Inc. v. Dorney Park Coaster, Inc.*, 369 Pa.Super. 27, 534 A.2d 1062 (1987).

2. According to the *Diagnostic and Statistical Manual of Mental Disorders*, the essential feature of Bipolar I Disorder is a clinical course that is characterized by the occurrence of one or more manic episodes (a distinct period during which there is an abnormally and persistently elevated, expansive, or irritable mood), or mixed episodes (a period of time lasting at least one week, in which criteria are met both for manic episodes and for major depressive episodes nearly every day). *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition at 350, 328, 333 (American Psychiatric Association, 1994).

The apartment in question was a specially equipped unit designed for individuals in wheel chairs, and appellant's lease incorporated a specific provision, set forth in the tenant handbook, that stated persons who are not mobility-impaired may be required to transfer to another unit if an eligible person applies for such a unit. In May 2000, appellee Catherine Mowery, manager of appellant's apartment complex, informed him that she had received a request from a mobility-impaired tenant for appellant's ground floor unit and he would be required to transfer to another apartment. Appellant complained to appellee Christopher Gullota, Executive Director of Cumberland County Housing Authority, that the move would be too stressful, but no relief was offered. After appellant's request that he not be held to the transfer provision of tenant handbook was denied, appellant filed complaints with HUD and the PA Human Relations Commission, alleging that the Housing Authority had unlawfully failed to make reasonable accommodations for his mental health disability (bi-polar), and therefore had discriminated against him. Those complaints were denied as unfounded, but nevertheless HUD ultimately entered into a settlement agreement with the Housing Authority whereby appellant was permitted to remain in his housing unit despite the fact he was not mobility-impaired. The agreement, however, was not to be construed as an admission that the Housing Authority had violated any federal housing regulations.

¶ 3 In February 2003, appellant filed his initial complaint alleging discrimination on the part of appellees and seeking damages. Appellees filed preliminary objections, and appellant was granted leave to file two amended complaints. Appellees again filed preliminary objections in the nature of a demurrer, and by Order dated August 6, 2003, the complaint was dismissed, the court finding appellant had failed to state a valid cause of action.[3]

¶ 4 Appellant argues the trial court erred by granting appellees' preliminary objections in the nature of a demurrer, as he pled sufficient facts constituting wrongful acts and breaches of duty by the appellees. Appellant's brief at 49–50. Appellant contends he suffered compensable emotional distress as a result of the underlying legal proceedings which caused him to suffer, "hopelessness, despair, weight changes, anti-social behavior, suicidal thoughts, increased alcohol use, sleep disturbance, depression, mania, aggressive behavior, reclusiveness and other physiological problems[.]" *Id.* The gist of appellant's argument is that appellees' failure to immediately concede to appellant's request that he be allowed to remain in his apartment constituted a "failure to accommodate" entitling him to compensation for emotional upset allegedly endured as a consequence.

¶ 5 In its thorough Opinion penned in support of its decision to grant appellees' preliminary objections, the trial court addressed each legal claim asserted and concluded, *inter alia,* that appellant had failed to establish appellees' actions were contrary to any common law or federal or state statute. We agree.

¶ 6 In reviewing whether a trial court properly granted a party's preliminary objections in the nature of a demurrer,

> all material facts pleaded in the complaint, as well as all inferences reasonably deducible from those facts, are

---

**3.** Defendant Sue A. Wolf is identified in appellant's complaint as the Senior Housing Property Manager of the Housing Authority, and defendant Yvonne Heckler is identified as the Director of Operations of the Housing Authority at the time in question.

deemed admitted. The demurrer may be granted only where, upon application of this standard, it is apparent that the plaintiff is not entitled to relief as a matter of law. Any doubt as to whether demurrer is appropriate should be resolved in favor of overruling the demurrer.

*Theodore v. Delaware Valley School District,* 575 Pa. 321, 333, 836 A.2d 76, 83 (2003).

¶ 7 We agree appellant is not entitled to relief as a matter of law. The record supports the conclusion that at all times appellees acted lawfully and in compliance with state and federal regulations, following the regulations included in the tenant's handbook and seeking to accommodate and resolve the competing interests of all tenants at the facility.

¶ 8 Order affirmed.