**Millan v. LaPorta**

C.P. of Lackawanna County, no. 03-CV-4956.

*Lawrence Spegar,* for plaintiffs.
*Patrick Carey,* for defendant.

MINORA, *J.,* December 30, 2005—

## INTRODUCTION

This matter comes before the court by way of preliminary objections filed by the defendant, Guido LaPorta DPM, MS and LaPorta and Associates PC to the plaintiffs' complaint. This medical malpractice action arises out of alleged post surgery complications experienced by the plaintiff, George Millan. The underlying facts as alleged are set forth below:

## STATEMENT OF THE CASE

The present matter was commenced by issuance of writ of summons on November 26, 2003 and reissued December 31, 2003. Defendants filed a praecipe for a rule to file a complaint on March 21, 2004. A rule was entered on the same day.

The plaintiffs filed the complaint on April 25, 2005, containing the following claims: the essence of Count One as asserted by George and Marilyn Millan is in negligence against Guido LaPorta DPM, MS and LaPorta

and Associates PC; the essence of Count Two as asserted by George Millan against Guido LaPorta DPM, MS and Laporta and Associates PC is in medical negligence/corporate negligence; the essence of the Count Three as asserted by Marilyn Millan against both defendants is for loss of consortium.

At all times relevant to this matter defendant, Dr. Guido LaPorta DPM, MS, was a licensed professional maintaining his practice within the Commonwealth of Pennsylvania. Likewise, at all times relevant, the defendant, LaPorta and Associates PC, operated as a licensed professional corporation which at all times has been engaged in the business of providing health care services with offices in the Commonwealth of Pennsylvania. The material allegations of the complaint are as follows:

During the fall of 2001, George Millan came under the medical care of Dr. Guido LaPorta. Upon LaPorta's recommendation, Millan underwent a total right ankle arthroplasty conducted on November 23, 2001. The surgical procedure was performed to provide better stability and strength by the insertion of a titanium plate in the plaintiff's right ankle. (See complaint, ¶¶8-9.) After the surgery, George Millan underwent follow-up visits/treatments with Dr. LaPorta and other medical personnel employed/associated with LaPorta and Associates PC. (See ¶¶13, 14 of plaintiff's complaint.) Millan asserts that before the surgery was performed, he informed Dr. LaPorta of his annual trip to Florida he and his wife planned to take in January 2002. (*Id.* at ¶16.) In response, Millan alleges that LaPorta assured him that he would not have any difficulty after the surgery and, in fact,

LaPorta is alleged to have ensured Millan of greater stability and strength after the surgery. (*Id.* at ¶¶19, 20.)

Prior to the trip to Florida on January 17, 2002, it is alleged that George Millan felt great pain and discomfort. Upon his arrival in Florida, on January 19, 2002, Millan claims that around the surgical site he was exhibiting a terrible scab, which began to pus, alarming the plaintiffs. *(Id.)* Numerous phone calls were placed by the plaintiffs to LaPorta's office on January 21, 24 and February 5, 6, 11 and 12, 2002, concerning George's discomfort and wound care. (*Id.* at ¶25.) It is further alleged that the only communication Dr. LaPorta had with plaintiff George Millan took place on February 6, 2002. (*Id.* at ¶27; see defendant's exhibit "A" to preliminary objections.)

Upon the plaintiff's arrival to Florida, George Millan sought the medical care of Dr. Tinsley. The plaintiffs assert that the requests made by the Florida medical care provider, mainly Tinsley, to the defendants for George's medical records, reports, and any other information to help in the assistance of plaintiff's condition were ignored. It is this ignorance coupled with defendant's failure to render appropriate medical, follow-up care that the plaintiffs report as the defendants' negligence and carelessness that has allegedly caused George Millan's post surgery complications. (*Id.* at ¶30(a) through 30(qq).) It is asserted that by Dr. LaPorta/defendants' negligence, the injuries allegedly sustained by the plaintiffs include pain, limitations and restrictions, medical expenses incurred, mental anguish, deterioration of health and personal condition including shortness of lifespan, scarring and skin grafting, amongst other grievances. (See complaint, ¶30, subparagraphs (a) through (s).)

Presently, defendants Dr. LaPorta and LaPorta and Associates PC come before the court with preliminary objections to the plaintiffs' complaint, two in the form of demurrers and the third as a motion to strike for insufficient specificity of the pleading in paragraphs 30(p) and 30(qq). We shall discuss each objection individually below.

## PRELIMINARY OBJECTIONS

The first preliminary objections we shall address are those made pursuant to Pa.R.C.P. 1028(a)(4) in the nature of a demurrer. As previously noted by the Superior Court of Pennsylvania, all material facts pleaded in the complaint, as well as all inferences reasonably deducible from those facts, are deemed admitted. *Wilkinson v. The Housing Authority of the County of Cumberland,* 854 A.2d 533 (Pa. Super. 2004); *Theodore v. Delaware Valley School District,* 575 Pa. 321, 333, 836 A.2d 76, 83 (2003). The demurrer may be granted only where, on application of this standard, it is apparent that plaintiff is not entitled to relief as a matter of law. *Wilkinson, supra* at 536. If doubt should arise as to whether the demurrer is proper, the demurrer should be overruled. *Id.* The question presented by a demurrer is whether, on the facts averred, the law states with certainty that no recovery is possible. *Sclabassi v. Nationwide Mutual Fire Insurance Company,* 789 A. 2d 699 (Pa. Super. 2001). Furthermore, it must be determined if the complaint sufficiently states a claim for relief under any theory of law. *Mistick Inc. v. Northwestern National Casualty Company,* 806 A.2d 39, 42 (Pa. Super. 2002), citing *Ham v. Sulek,* 422 Pa. Super. 615, 623, 620 A.2d 5, 9 (1993). The court is not to consider conclusions

of law, opinions or argumentative allegations. *Sexton v. PNC Bank,* 792 A.2d 602 (Pa. Super. 2002). Rather, the court's review for preliminary objection purposes is limited to the contents of the complaint. *In re Adoption of S.P.T.,* 783 A.2d 779 (Pa. Super. 2001). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Hykes v. Hughes,* 835 A.2d 382, 383 (Pa. Super. 2003); *Swisher v. Pitz,* 868 A.2d 1228 (Pa. Super. 2005); *Lovelace v. Pennsylvania Property and Casualty Insurance Guaranty Association,* 874 A.2d 661 (Pa. Super 2005).

When a defendant avers that a complaint fails to state a cause of action upon which relief may be granted, he must provide the court with specific grounds as to why the complaint in fact fails to state a claim upon which relief may be granted. *Flynn Company v. Peerless Door & Glass Inc.,* 2002 WL 1018937, 2 (Pa.Com.Pl.); see also, *Stewart v. Pennsylvania Board of Probation & Parole,* 714 A.2d 502, 504 (Pa. Commw. 1998). "All preliminary objections . . . shall state specifically the grounds relied upon . . ." Pa.R.C.P. 1028(b); see also, *Flynn, supra; DelConte v. Stefonick,* 268 Pa. Super. 572, 577 n.2, 408 A.2d 1151, 1153 n.2 (1979).

### Improper Service of Writ of Summons

The defendants object to plaintiff's service of process as untimely pursuant to Pa.R.C.P. 401(a) and assert that the applicable statute of limitations for the plaintiff's claims had expired by the time the writ was reissued by the

Lackawanna County Judicial Clerk of Courts. The rule requires that original process be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint. See Pa.R.C.P. 401(a). Furthermore, if service is not made within the time prescribed by subsection (a) of this rule, which is 30 days, upon praecipe and presentation of the original process upon the prothonotary, the validity of the writ may be continued by reissuance, accomplished by the prothonotary writing "reissued" on the writ. See Pa.R.C.P. 401(b)(1).

Here, the plaintiffs filed their praecipe to issue a writ of summons originally on November 26, 2003, which was issued by the prothonotary the same day. The praecipe to reissue a writ of summons was filed on December 31, 2003 and said writ was reissued the same day. It is the defendants' argument that since the plaintiffs failed to file a praecipe upon the prothonotary for reissuance of the writ of summons by December 26, 2003, exactly 30 days after the issuance of the original writ of summons, the plaintiffs have missed the two-year statute of limitations period to file a medical malpractice claim pursuant to 42 Pa.C.S. §5524(2). Although the defendants are correct that there is a two-year statute of limitations to bring a claim for medical malpractice, the tolling date is the date of the injury, more specifically, the date that the injury is discovered, not the date of the operation.

As recognized by the Superior Court in *Stein v. Richardson,* 302 Pa. Super. 124, 448 A.2d 558 (1982), the "discovery rule" is applicable to medical malpractice cases, obligating the plaintiff to institute his action within two years of the date of discovery of the injury or

harm or within two years that the injury or harm should have been discovered. The Supreme Court analyzed the language of the statute of limitations and explained that the suit must be "brought within two years from the time *when the injury was done.*" *Ayers v. Morgan,* 397 Pa. 282, 289-90, 154 A.2d 788, 792 (1959). See also, *Stein v. Richardson,* 302 Pa. Super. 124, 448 A.2d 558 (1982). This has been interpreted to mean that the statute of limitations in a personal injury, medical malpractice action, does not commence to run until the injured plaintiff becomes aware or reasonably should be aware of the injury/harm suffered. *Prince v. Trustees of University of Pennsylvania,* 282 F. Supp. 832, 840-41 (E.D. Pa. 1968). The result of the "discovery rule" is that it "delays the accrual of the cause of action from the time of the defendant's negligent conduct to a time when the injury caused by that conduct becomes known or knowable." *Stein, supra* at 134, 448 A.2d at 563.

In regard to the matter before us, the plaintiffs' complaint is the tool whereby they set forth their medical malpractice/negligence claim specifically for failure to provide adequate post operative care. The claim asserted therein is clearly *not* based upon negligence in performing the surgery. The injuries asserted that derived from the alleged inadequate, postoperative care includes complications from infection of the wound, pain, discomfort, limitations and restrictions in mobility of the right ankle, as well as other allegations. (See complaint ¶¶29-31.) This alleged harm and pain was not experienced by the plaintiff until January 17, 2002. (*Id.* at ¶22.) Therefore, pursuant to the "discovery rule," the plaintiff's injury occurred on January 17, 2002, therefore causing the

statute of limitations to run from that date. Thus, the plaintiffs are not barred by the statute of limitations. We find the defendants' argument that the plaintiffs' cause of action is time-barred due to untimely service of the writ of summons on December 31, 2003 to be a meritless argument. The service of the writ of summons after reissuance was merely five days after the 30-day restriction. We find that the Defendants have not been prejudiced by this five-day delay. The plaintiffs have acted within the applicable statute of limitations, which is two years.

We also find that the defendants' argument that the present matter is time-barred to be meritless pursuant to several additional procedural rules. Pa.R.C.P. 1007 provides in pertinent part that "an action may be commenced with the prothonotary by (1) a praecipe for a writ of summons." Additionally, as established in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976) and its progeny, Pa.R.C.P. 1009(a) provides that a writ shall be served within 30 days after issuance or filing and pursuant to Pa.R.C.P. 1010(a), the writ may be reissued at any time after the original issuance during a period equivalent to the permitted applicable statute of limitations of the action. (citations omitted) Clearly in the present matter, the plaintiffs have acted within the applicable statute of limitations by filing the praecipe to reissue the writ on December 31, 2003, 35 days after commencement of the action.

Additionally, Pa.R.C.P. 1030 requires that all affirmative defenses, including statute of limitations, shall be pled as a responsive pleading under the heading "new matter." We therefore conclude the defendants' argument

to be defective both legally and procedurally. The preliminary objection in the nature of a demurrer for improper service of process is therefore overruled.

### Failure To State a Claim Upon Which Relief May Be Granted

"Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." *Hykes v. Hughes,* 835 A.2d 382 (Pa. Super. 2003); citing *White v. PennDOT,* 738 A.2d 27, 31 (Pa. Commw. 1999).When a defendant avers that a complaint fails to state a cause of action upon which relief may be granted, he must provide the court with specific grounds as to why the complaint in fact fails to state a claim upon which relief may be granted. *Flynn Company v. Peerless Door & Glass Inc.,* 2002 WL 1018937, 2 (Pa.Com.Pl.); see also, *Stewart v. Pennsylvania Board of Probation & Parole,* 714 A.2d 502, 504 (Pa. Commw. 1998). Here the plaintiffs assert a negligence claim against a medical professional, Dr. LaPorta, and a professional corporation, LaPorta and Associates PC, based upon failure to provide sufficient postoperative care in regard to plaintiff's total right ankle arthroplasty.

Generally, negligence is not to be presumed in a medical malpractice action. *Jones v. Harrisburg Polyclinic Hospital,* 496 Pa. 465, 437 A.2d 1134 (1981). To sustain a medical malpractice action, the plaintiff must establish a prima facie case by proving four factors: (1) the physician owed a duty to the patient; (2) the physician breached that duty; (3) the breach of the duty was the proximate cause of, or a substantial factor in bringing about the harm suffered; and (4) the damages suffered by the pa-

tient were a direct result of that harm. *Yee v. Roberts,* 878 A.2d 906, 912 (Pa. Super. 2005); *Rachlin v. Edmison,* 813 A.2d 862, 868 (Pa. Super. 2002). (citations omitted) It is established that in any negligence action, the plaintiff must state the known duty; as in a medical malpractice action, the plaintiff must display the duty owed by the physician to the plaintiff/patient. *Hightower-Warren v. Silk,* 548 Pa. 459, 698 A.2d 52 (1997).

Irregardless of the assertions set forth in the defendants' preliminary objections concerning the defendants' need for Millan's written and signed authorization, the plaintiffs have not established a prima facie case against the defendants. A key element of medical negligence is missing from the plaintiffs' complaint, mainly, there is no known duty stated in the complaint, nor any statute commanding that the physician perform a duty. The complaint describes a number of failures on the part of the defendants, Dr. LaPorta and LaPorta and Associates Inc. The averments of the complaint establish that LaPorta and his offices provided postoperative care to the plaintiff from the date of the surgery, November 26, 2001, through to the date of the scheduled trip to Florida, January 17, 2002. The averments include allegations that the defendants failed to test, inspect, treat or otherwise provide medical care, or provide information regarding inspection to the plaintiff following the surgery of November 23, 2001. (See complaint, ¶¶(30)(m)-(q).) The averments made in regard to the time period the plaintiffs were in Florida establish that defendant LaPorta failed to have contact with the plaintiff while in Florida. (See complaint, ¶¶(30)(x)-(ee).) Nowhere in the complaint do the plaintiffs indicate a law or statute of this Common-

wealth which establishes a duty required of the defendants. (See complaint.)

We find that the plaintiffs have not established the prima facie elements for a medical malpractice action given the allegations of the complaint. The defendants' preliminary objections in the nature of a demurrer for failure to state a claim upon which relief can be granted is granted, rendering the remaining preliminary objection moot at this time. An appropriate order follows.

## ORDER

And now, to wit, December 30, 2005, upon consideration of defendants' preliminary objections and the verbal and written arguments of counsel, and in accordance with the preceding memorandum, it is hereby ordered and decreed:

(1) Defendants', Guido LaPorta DPM, MS and LaPorta and Associates PC, preliminary objection in the nature of a demurrer for improper service of process is denied.

(2) Defendants' preliminary objection in the nature of a demurrer for failure to state a claim upon which relief can be granted, granted.

(3) Plaintiffs are given 30 days to amend the complaint to include allegations of a duty of postoperative care, otherwise the matter shall be dismissed in its entirety.