J-S58044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GLUE WILKINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HONORABLE RICHARD A. LEWIS, | : | |
| PRESIDENT JUDGE; EDWARD M. | : | |
| MARSICO, JR., DISTRICT ATTORNEY | : | |
| DAUPHIN COUNTY COURT OF | : | |
| COMMON PLEAS | : | |
| | : | |
| Appellees | : | No. 387 MDA 2017 |

Appeal from the Order December 21, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2016 CV 8564 MD

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 06, 2018**

Appellant, Glue Wilkins, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his petition to proceed *in forma pauperis* ("IFP") and dismissed his complaint as frivolous per Pa.R.C.P. 240(j).  For the following reasons, we affirm.

The trial court provided some of the relevant facts and procedural history of this appeal as follows.

> The initiation of this matter is quite convoluted.  It appears Appellant filed a Writ of Mandamus with the caption, "Glue Wilkins, Petioner [sic] v. Honorable Richard A. Lewis, President Judge, Honorable Edward M. Marisco, Jr., District Attorney Dauphin County Court of Common Pleas, Respondent" in the Commonwealth Court of Pennsylvania. A Writ of Mandamus is a civil action to enforce a right or to compel performance of a public act or duty in which the

party has an interest. When filing a writ of mandamus, the plaintiff is required to name as defendants such officers in their official capacities as are concerned in the act or duty.

On October 17, 2016, the Commonwealth Court transferred the matter to the Court of Common Pleas of Dauphin County for appropriate action. Since the pleading is titled Writ of Mandamus, the Dauphin County Prothonotary opened the instant docket on November 9, 2016. On November 28, 2016, Appellant filed a Motion for that [sic] the Twelfth [sic] Judicial District Has Finally Docketed the Exculpatory Medical Report on November 2, 2016, along with a Petition for Leave to Proceed in *Forma Pauperis*. On December 13, 2016, Appellant filed three (3) additional motions—(1) Motion for Judicial Notice that Superior Court Averment of Lack of Final Appealble [sic] PCRA Order is Estoppel by Pias [sic]; (2) Motion for Judicial Notice of General Supervisory Powers of President Judge; and (3) Motion for Judicial Notice of AOPC Estoppel by the Record.

After reviewing Appellant's Writ of Mandamus, his Petition to Proceed in *Forma Pauperis* ("IFP"), and additional motions, this [c]ourt dismissed the instant action with prejudice because the action is frivolous.

(Trial Court Opinion, filed March 31, 2017, at 1-2) (internal citation to record and two footnotes omitted). The court's order was dated December 21, 2016, but filed on December 22, 2016. Appellant's notice of appeal was therefore due on or before January 21, 2017. Appellant filed a notice of appeal, which the court docketed on January 27, 2017. In response to this Court's rule to show cause, filed June 1, 2017, Appellant provided a time-stamped notice of appeal indicating he had actually filed his appeal on January 18, 2017. The notice of appeal contained in the certified record indicates an original time-stamped filing date of January 18, 2017, which is

then "crossed out" and a new stamp placed on the document indicating a filing date of January 27, 2017. We cannot tell from the record why the appeal papers were modified in this manner. Therefore, we deem Appellant's appeal timely filed on January 18, 2017.

Appellant raises three issues for our review:

> WHETHER PRELIMINARY HEARING TRANSCRIPT EXIST?
>
> WHETHER, PURSUANT TO COMMONWEALTH LAW, APPELLANT HAS A "RIGHT" TO A COMPLETE RECORD ON APPEAL?
>
> WHETHER DEFENDANTS ARE THE PROPER PARTIES?

(Appellant's Brief at 1).

An order that denies IFP status and dismisses a companion complaint as frivolous is final and appealable. *Grant v. Blaine*, 582 Pa. 1, 868 A.2d 400 (2005); *Crosby Square Apartments v. Henson*, 666 A.2d 737 (Pa.Super. 1995). Rule 240 of the Pennsylvania Rules of Civil Procedure in relevant part provides:

> **Rule 240. In Forma Pauperis**
>
> (j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue **or if it is satisfied that the action, proceeding or appeal is frivolous**.
>
> *Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

- 3 -

Pa.R.C.P. 240(j) (emphasis added) and *Note*. "Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Bell v. Mayview State Hosp.*, 853 A.2d 1058, 1060 (Pa.Super. 2004).

A lawsuit is frivolous under Pa. R.C.P. No. 240(j) if, on its face, it does not set forth a valid cause of action." *Id.* (quoting *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa.Cmwlth. 1997), *appeal denied*, 553 Pa. 693, 717 A.2d 1030 (1998)). A complaint does not state a valid cause of action if it cannot be understood. *Bennett v. Beard*, 919 A.2d 365, 367 (Pa.Cmwlth. 2007). An incomprehensible complaint denies the defendant notice of the material facts, which the defendant needs to prepare a defense. *Id.* Consequently, an illegible complaint is frivolous as a matter of law. *Id.* Moreover, whether the complaint is intelligible is a question of fact that we will not disturb, absent an abuse of discretion or error of law. *See Capital Academy Charter School v. Harrisburg School Dist.*, 934 A.2d 189, 195 (Pa.Cmwlth. 2007), *appeal denied*, 596 Pa. 756, 947 A.2d 738 (2008). Likewise, "Assertions of legal rights and obligations in a complaint may be construed as conclusions of law, which have no place in a pleading." *DelConte v. Stefonick*, 408 A.2d 1151, 1153 (Pa.Super. 1979). Although the rules of civil procedure are meant to be liberally construed, liberal

interpretation "does not entail total disregard of those rules concerning pleading." ***Krajsa v. Keypunch, Inc.***, 622 A.2d 355, 357 (Pa.Super. 1993).

Instantly, the trial court explained:

> Primarily, the instant action is frivolous because it relates to his criminal docket, and Appellant continues to inundate the judicial system with frivolous and incoherent filings in attempt to collaterally attack the criminal docket. In addition, Appellant is seeking to compel the Clerk of Court (Dale Klein, Esquire) to file a preliminary hearing transcript from October 14, 2002 to docket number CP-22-CR-3382-2002. Although Appellant is seeking to compel the Clerk of Court to perform a duty, he fails to name Dale Klein, Esquire as a party to the action. Therefore, Appellant's writ is defective [for] failure to name an indispensable party.
>
> Further, Magisterial District Courts are not a court of record in Pennsylvania. Therefore, there is no record of what occurred before a Magisterial District Judge ("MDJ") unless the parties request a court reporter to transcribe the proceeding. In the instant action, Appellant is seeking to compel the Clerk of Court to perform a *discretionary act*. This is an improper form of relief under a writ of mandamus. A writ of mandamus is used to compel an individual to perform a *required duty*−not a *discretionary act*. Accordingly, the current action is frivolous as Appellant is seeking relief that he is not entitled to.
>
> \*   \*   \*
>
> As stated above, the initiation of this action was somewhat convoluted as it was opened by a Commonwealth Court Order based upon Appellant's filing in that court. In reviewing Appellant's Petition for IFP, this [c]ourt found the action to be frivolous because (1) he failed to name an indispensable party, *i.e.* the Clerk of Court; and (2) he is seeking relief that is improper through a writ of mandamus. As such, this [c]ourt dismissed the action pursuant to Pa.R.C.P. 240(j) on December 21, 2016.

(Trial Court Opinion at 2) (internal citation to record omitted). The record

supports the court's decision to dismiss Appellant's case as frivolous. Finally, the docket entries in Appellant's criminal case reflect an order entered on July 31, 2017, directing the clerk of court to docket the preliminary hearing transcript and make it a part of the record in the criminal case. Therefore, Appellant's claim is now moot. **See Deutsche Bank Nat. Co. v. Butler**, 868 A.2d 574, 577 (Pa.Super. 2005) (stating: "Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable…"); **J.S. v. Whetzel**, 860 A.2d 1112, 1118 (Pa.Super. 2004) (stating: "If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect"). Accordingly, we affirm.[1]

Order affirmed.

---

[1] Appellant's open motion for contempt is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2018